IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TIMOTHY RIDDLES,
    Plaintiff,

v.                                                       Case No: 5:09cv388/RS/MD

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant.

_____

**REPORT AND RECOMMENDATION**

This case has been referred to the undersigned magistrate judge pursuant to the authority of 28 U.S.C. § 636(b) and Rules 72.1(A), 72.2(D) and 72.3 of the local rules of this court relating to review of administrative determinations under the Social Security Act and related statutes. It is now before the court pursuant to 42 U.S.C. § 405(g) of the Social Security Act for review of a final determination of the Commissioner of Social Security (Commissioner) denying claimant Riddles' application for Supplemental Security Income benefits under Title XVI of the Act.

Upon review of the record before this court, it is the opinion of the undersigned that the findings of fact and determinations of the Commissioner are not supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

## PROCEDURAL HISTORY

Mr. Riddles filed an application for benefits claiming an onset of disability as of September 1, 2005. The application was denied initially and on reconsideration, and Mr. Riddles requested a hearing before an administrative law judge (ALJ). A hearing was held on June 10, 2009 at which Mr. Riddles was represented by counsel and testified. A medical expert also testified. The ALJ entered an unfavorable decision (tr. 11-25) and Mr. Riddles requested review by the Appeals Council without submitting additional evidence. The Appeals Council declined review (tr. 1-3). The Commissioner has therefore made a final decision, and the matter is subject to review in this court. *Ingram v. Comm'r of Soc. Sec. Admin*, 496 F.3d 1253, 1262 (11th Cir. 2007); *Falge v. Apfel*, 150 F.3d 1320 (11th Cir. 1998). This timely appeal followed.

## FINDINGS OF THE ALJ

Relative to the issues raised in this appeal, the ALJ found that Mr. Riddles had severe impairments of (1) degenerative disc disease, (2) back pain, (3) essential hypertension, (4) diabetes mellitus, and (5) obesity, but that he did not have an impairment or combination of impairments that met or equaled one of the impairments listed in 20 C. F. R. Part 404, Subpart P; that he had the residual functional capacity to do the full range of light work; and that he was not under a disability as defined in the Act.

## STANDARD OF REVIEW

In Social Security appeals, this court must review de novo the legal principles upon which the Commissioner's decision is based. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986)). There is no presumption that the Commissioner followed the appropriate legal standards in deciding a claim for benefits, or that the legal conclusions reached were valid. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996); *Lewis v.*

*Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002). Failure to either apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

The court must also determine whether the ALJ's decision is supported by substantial evidence. *Moore*, 405 F.3d at 1211 (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)). Even if the proof preponderates against the Commissioner's decision, if supported by substantial evidence, it must be affirmed. *Ingram*, 496 F.3d at 1260; *Miles*, 84 F.3d at 1400. Substantial evidence is more than a scintilla but less than a preponderance, and encompasses such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Moore*, 405 F.3d at 1211 (citation omitted). In determining whether substantial evidence exists, the court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Secretary's decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). This limited review precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence. *Moore*, 405 F.3d at 1211 (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). Findings of fact of the Commissioner that are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g); *Ingram*, 496 F.3d at 1260.

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that the claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The social security regulations establish a five-step evaluation process to analyze claims for both SSI and disability insurance benefits. *See Moore,* 405 F.3d at 1211; 20 C.F.R. § 416.920 (2009) (five-step determination for SSI); 20 C.F.R. § 404.1520 (2009) (five-step determination for DIB). A finding of disability or no disability at any step renders further evaluation unnecessary. See 20 C.F.R. § 416.920; 20 C.F.R. § 404.1520. The steps are:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe physical or mental impairment that meets the duration requirement?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 to subpart P of 20 C.F.R. Part 404 and meet the duration requirement?

4. Considering the individual's residual functional capacity, can the individual perform past relevant work?

5. Can the individual perform other work given the individual's residual functional capacity, age, education and work experience?

(*Id.*)

These regulations place a very heavy burden on the claimant to demonstrate both a qualifying impairment or disability and an inability to perform past relevant work. *Moore,* 405 F.3d at 1211 (citing *Spencer v. Heckler,* 765 F.2d 1090, 1093 (11th Cir.1985)). If the claimant establishes such an impairment, the burden shifts to the Commissioner at step 5 to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform. *Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir. 2001); *Allen v. Bowen,* 816 F.2d 600, 601 (11th Cir. 1987). If the Commissioner carries this burden, claimant must prove that she cannot perform the work suggested by the Commissioner. *Doughty,* 245 F.3d at 1278 n.2; *Hale v. Bowen,* 831 F.2d 1007, 1011 (11th Cir. 1987).

## PLAINTIFF'S MEDICAL HISTORY

Mr. Riddles was treated for routine illnesses and low back pain at the Holmes County Health Department from July 27, 2000 through at least February 2007 (tr.242-349, 370-76). An MRI dated September 8, 2005 disclosed degenerative disc disease at L4-5 and L5-S1 with disc protrusion and bilateral foraminal stenosis at L5-S1 and encroachment at L4-5 (tr. 308). On March 13, 2006 he complained of ongoing problems with low back pain. He stated that the pain was worse when he was off the Flexeril and Ultram that had been prescribed earlier. Physical examination disclosed tenderness in the low back but no tightness or radiation. He was counseled regarding weight management and refills were provided for his Lasix, Potassium, Flexeril and Tramadol. Mr. Riddles was referred to a neurologist, Mustafa Hammad, M.D. (tr. 258).

He went to Dr. Hammad on April 12, 2006. Dr. Hammad noted degenerative disc disease consistent with the earlier MRI and diagnosed chronic back pain, lumbosacral disc disease, lumbosacral facet joint disease, diabetes, hypertension and hypercholesterolemia. Physical examination was generally normal, disclosing normal strength but reduced reflexes in the legs. Dr. Hammad planned to start Mr. Riddles on Neurontin and Lortab and continue with his Flexeril and Tramadol. On July 12, 2006 Mr. Riddles returned to Dr. Hammad for a follow-up examination. Dr. Hammad instructed him to continue taking the Neurontin, Flexeril and Tramadol (tr. 238-40.

On January 29, 2007 Mr. Riddles was seen by Karin S. Maddox, M.D., a neurologist, for complaints of low back pain. He complained of increasing problems, especially on his right side radiating down his right leg that had become progressively worse over the past few months. Dr. Maddox recommended a lumbar MRI, which was done on February 9, 2007 and showed degenerative disk disease at L4-5 and L5-S1 with spinal narrowing from a bulging disk and evidence of bilateral foraminal stenosis (tr. 365-69).

On March 3, 2009 Mr. Riddles was sent to Julian A. Salinas, Ph.D. for a mental evaluation. Dr. Salinas reviewed records provided by the Florida Department of Health and a Learning Disability Evaluation completed on April 6, 1976 by Linda Martin, Psychometrist. He diagnosed dysthimic disorder, borderline intellectual functioning, and dependent personality disorder. He assigned a Global Assessment of Functioning (GAF) score of 45 (tr. 385-93). Dr. Salinas completed a Medical Source Statement of Ability To Do Work-Related Activities (Mental) and determined that Mr. Riddles would have "moderate" difficulties understanding and remembering and carrying out complex instructions and moderate limitations in his ability to make judgments on complex work-related decisions.

Mr. Riddles was examined by C. W. Koulisis, M.D., an orthopedic surgeon, on March 30, 2009, who noted that he examined the medical record, including records from ARNP Breland and Dr. Maddox. On examination Mr. Riddles complained of low back pain, but a thorough physical examination disclosed no physical signs of any kind, including spasm, straight leg raising, restricted range of motion, motor weakness or sensory problems. Dr. Koulisis concluded that there were no physical restrictions on Mr. Riddles' ability to do work-related activities (tr. 394-407).

## DISCUSSION

Mr. Riddles argues that the ALJ erred in failing to give appropriate weight to Dr. Salinas' GAF score and in failing to assess his subjective complaints of pain appropriately, and that he was disabled from his onset date. The Commissioner argues that the ALJ's findings were supported by substantial evidence and must, therefore, be sustained. The issue thus presented is whether the ALJ's decision that Mr. Riddles was not disabled, in light of his physical and mental condition, age, education, work experience, and residual functional capacity, is supported by substantial evidence in the record.

1. <u>**GAF Score.**</u>

Mr. Riddles first faults the ALJ for not accepting Dr. Salinas' GAF score of 45 as indicative of his level of mental functioning. Absent good cause, the opinion of a claimant's treating physician must be accorded considerable or substantial weight by the Commissioner. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-1241 (11th Cir. 2004); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Broughton v. Heckler*, 776 F.2d 960, 960-961 (11th Cir. 1985); *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). "Good cause" exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Phillips,* 357 F.3d at 1241; see also *Lewis*, 125 F.3d at 1440 (citing cases). The opinion of treating physicians are given more weight than non-treating physicians, and the opinions of examining physicians are given more weight than non-examining physicians. 20 C.F.R. §§ 404.1527(d)(1)-(2), 416.927(d)(1)-(2). Because Dr. Salinas examined Mr. Riddles only once, he was not a treating physician, and his opinion, which as noted below was not supported by his own findings, was not entitled to significant weight.

The GAF scale ranges from 1 (persistent danger of severely hurting self or others, or unable to care for himself) to 100 (superior functioning). *Diagnostic and Statistical Manual for Mental Disorders, Fourth Edition, Text Revision* (DSM-IV-TR). A score of 45 means serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job). *Id*. The ALJ determined that Dr. Salinas' GAF score was not supported by his own examination or by the record as a whole. Dr. Salinas' examination disclosed that although Mr. Riddles claimed a history of psychiatric problems, he had never been hospitalized or taken psychotropic medications. Dr. Salinas noted that Mr. Riddles was sad and felt left out, that his language was appropriate, and that he complained of difficulty with

concentration. Dr. Salinas concluded that Mr. Riddles' cognitive defects caused moderate daily adaptive functioning. The primary diagnosis was dysthymic disorder, which is not as severe as major depressive disorder. DSM-IV-TR at 376-377.

The medical expert who testified at the hearing before the ALJ, psychiatrist Neil Lewis, M.D., reviewed the entire medical record and heard Mr. Riddles' testimony. In his opinion the record did not support Dr. Salinas' finding of serious mental health symptoms. Instead, he concluded evidence that Mr. Riddles should not work in a area that required complex instructions, a limitation accepted by the ALJ.

And if there was error in not finding the GAF score to merit great weight, any such error was harmless because it does not affect his substantial rights. Courts will disregard any errors or defects in a lower tribunal that "do not affect any party's substantial rights." Fed.R.Civ.P. 61 (harmless error); *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (applying the harmless error doctrine in the context of a social security case). However, reversal is appropriate if the ALJ fails to provide the court with "sufficient basis for a determination that proper legal principles have been followed." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The entire weight of the evidence did not direct a finding that the GAF score was entitled to any particular weight. Mr. Riddles has not shown error, and even if there was error, the error was harmless.

    2.    <u>Subjective complaints of pain.</u>

Mr. Riddles also contends that the ALJ erred in not appropriately discounting his subjective complaints of pain. As this court is well aware, pain is treated by the Regulations as a symptom of disability. Title 20 C.F.R. § 404.1529 provides in part that the Commissioner will not find disability based on symptoms, including pain alone, ". . . unless medical signs or findings show that there is a medical condition that could be reasonably expected to produce these symptoms." *Accord* 20 C.F.R.

§ 416.929. The Eleventh Circuit has articulated the three-part pain standard, sometimes referred to as the *Hand*[1] test, as follows:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991); *Ogranaja v. Commissioner of Social Security*, 186 Fed.Appx. 848, 2006 WL 1526062, *3+ (11th Cir. 2006) (quoting *Wilson*) (Table, text in WESTLAW); *Elam v. Railroad Retirement Bd.*, 921 F.2d 1210, 1216 (11th Cir. 1991).

The Eleventh Circuit has also approved an ALJ's reference to and application of the standard set out in 20 C.F.R. § 404.1529, because that regulation "contains the same language regarding the subjective pain testimony that this court interpreted when initially establishing its three-part standard." *Wilson, supra*, 284 F.3d at 1226. Thus, failure to cite to an Eleventh Circuit standard is not reversible error so long as the ALJ applies the appropriate regulation.

But "[w]hile both the Regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself." *Elam*, 921 F.2d at 1215. The Eleventh Circuit has held that "pain alone can be disabling, even when its existence is unsupported by objective evidence." *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)(citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992)); *Walker v. Bowen*, 826 F.2d 996, 1003 (11th Cir. 1987); *Hurley v. Barnhart*, 385 F.Supp.2d 1245, 1259 (M.D.Fla. 2005). However, the presence or absence of

---

[1] *Hand v. Bowen*, 793 F.2d 275, 276 (11th Cir.1986) (the case originally adopting the three-part pain standard).

evidence to support symptoms of the severity claimed is a factor that can be considered. *Marbury*, 957 at 839-840; *Tieniber v. Heckler,* 720 F.2d 1251, 1253 (11th Cir. 1983).

Finally, if the Commissioner refuses to credit subjective testimony of the plaintiff concerning pain he must do so explicitly and give reasons for that decision. *MacGregor v. Bowen*, 786 F.2d at 1054. Where he fails to do so, the Eleventh Circuit has stated that it would hold as a matter of law that the testimony is accepted as true. *Holt v. Sullivan*, 921 F.2d at 1223; *MacGregor v. Bowen*, 786 F.2d at 1054. Although the Eleventh Circuit does not require an explicit finding as to a claimant's credibility, the implication must be obvious to the reviewing court. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole. *Dyer*, 395 F.3d at 1210 (11th Cir. 2005) (internal quotations and citations omitted). And of course, the reasons articulated for disregarding the plaintiff's subjective pain testimony must be based upon substantial evidence. *Wilson*, 284 F.3d at 1225-1226; *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991); *Hurley*, 385 F.Supp.2d at 1259.

Underlying the *Hand* standard is the need for a credibility determination concerning a plaintiff's complaints of pain. Those complaints are, after all, subjective. "[T]he ascertainment of the existence of an actual disability depend[s] on determining the truth and reliability of [a claimant's] complaints of subjective pain." *Scharlow v. Schweiker*, 655 F.2d 645, 649 (5th Cir. 1981) (holding that the ALJ must resolve "the crucial subsidiary fact of the truthfulness of subjective symptoms and complaints").[2] People with objectively identical conditions can experience

---

[2] Decisions of the United States Court of Appeals for the Fifth Circuit decided prior to September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. Pritchard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

*Case No: 5:09cv388/RS/MD*

significantly different levels of pain, and pain is more readily treated in some than in others. "Reasonable minds may differ as to whether objective medical impairments could reasonably be expected to produce [the claimed] pain. This determination is a question of fact which, like all factual findings by the [Commissioner], is subject only to limited review in the courts . . . ." *Hand, supra,* at 1548-49. It is within the ALJ's "realm of judging" to determine whether "the quantum of pain [a claimant] allege[s] [is] credible when considered in the light of other evidence." *Arnold v. Heckler*, 732 F.2d 881, 884 (11th Cir. 1984). Thus, a physician may be told by a patient that he or she is in pain, and the physician may believe it, but the ALJ is not bound by that. The evidence as a whole, including the existence of corroborating objective proof or the lack thereof, and not just a physician's belief or the plaintiff's claims, is the basis for the ALJ's credibility determination.

Here the ALJ noted that there was MRI evidence of arthritic changes, a bulging disc and some stenosis, but the remainder of the medical evidence did not support a finding that Mr. Riddles' low back problem was disabling. Dr. Koulisis conducted a full physical examination and found no clinical signs at all. He noted that the MRI findings were appropriate for Mr. Riddles' age. He also opined that Mr. Riddles had no physical limitations (tr. 393-407). Mr. Riddles disclosed that he took care of his personal needs, did laundry, cared for his mother and went shopping. The ALJ found that Mr. Riddles' claims of limiting pain were not credible, and it was within his realm of judging to so find.

Accordingly, it is respectfully RECOMMENDED that the decision of the Commissioner be AFFIRMED, that this action be DISMISSED and that the clerk be directed to close the file.

*Case No: 5:09cv388/RS/MD*

At Pensacola, Florida this 3rd day of November, 2010.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**